IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAVAN MATTHEWS** | : | **Civil No. 1:15-cv-2129** |
| **Plaintiff,** | : | |
| v. | : | |
| **JERIN L. KENNEDY and CBA RESTORATION** | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

On November 5, 2015, Plaintiff Javan Matthews filed a complaint against Jerin L. Kennedy and CBA Restoration. (Doc. 1.) On March 2, 2016, an entry of default was entered against Defendants. (Doc. 6.) Plaintiff filed a motion for default judgment on September 22, 2016. On November 30, 2016, the court held a hearing on the motion for default judgment.

At the hearing, Matthews testified that he began employment with CBA Restoration on or about April 21, 2015. According to Matthews, on April 27, 2015, Kennedy said: "I like seeing niggers work." Matthews reported this statement to his manager.

On April 28, 2015, a series of text messages were exchanged between Kennedy and Matthews. (Doc. 1, p. 9.) At 11:22 a.m., Kennedy sent the following text: "…wasn't directed towards you! I said Nigger rigging!!! A nigger to me is any color skin! That does things half ass!! If it offended you I'm sorry it." (*Id.*)

At 12:15 p.m., Matthews responded to Kennedy as follows: "You said you like seeing niggers work that's what affected me." (*Id.* at 7.) Kennedy replied at 12:24 p.m.: "Look I told you I'm sorry! What do you want me to do?"[1] (*Id.*)

Matthews claims he was terminated on April 29, 2015. (*Id.* at ¶ 17.) He alleges that he was terminated because he is black and because he complained about the discrimination. (*Id.* at ¶ 19.) However, the facts surrounding the termination are not clear. Matthews testified that he did not go into work on April 27, 2015, because he was ill. He called on April 28, 2015, to see if there was work for him, at which time, he was terminated. At some point during the hearing, Matthews testified that Kennedy said Matthews was terminated because he did not come into work and thought he had quit.

Matthews testified at the hearing that he worked 40 hours during the week he was employed and paid $10.00 per hour, or $400 per week. There were no pay stubs presented to support this. A photo depicting half of a check from Defendants with "seventeen" visible was presented. (Plaintiff's Exhibit 2.) This could have been for $317.00. Matthews will be given the benefit of the doubt that his intended wage was $400.00 per week gross.

From April 2015 until July 15, 2016, Matthews sought temporary employment through Spherion Staffing Services. On July 15, 2016, Matthews

---

[1] It should be noted that the complaint's exhibits reverse the actual order that the messages were sent.

began employment with LA Fitness. No exhibits were presented to show what compensation Matthews received for the 62 weeks he worked part-time. He testified that he estimated his income was $3,400.00, leaving a net loss of $22,000.00. The court will reluctantly grant this loss.

Matthews' pain and suffering and punitive damages claim of $10,000.00 is excessive. While Kennedy's comment was of discriminatory animus, it was an isolated incident. Matthews claims that he felt belittled and angry by Kennedy's remarks. This court believes that $2,500.00 is sufficient compensation on the facts of this case.

Counsel fees and costs will be granted to Samuel A. Dion, Esquire and Richard B. Bateman, Jr., Esquire in the sum of $3,143.38.

An appropriate order will follow.

                                                 s/Sylvia Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

Dated: December 6, 2016